**McDONALD'S CORPORATION,**
Petitioner,

v.

**INDIANA STATE BOARD OF TAX COMMISSIONERS,**
Respondent.

No. 49T10–9901–TA–3.

Tax Court of Indiana.

May 4, 2001.

Timothy J. Vrana, Sharpnack, Bigley, David & Rumple, Columbus, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Laureanne Nordstrom, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

[1] McDonald's Corporation (McDonald's) appeals the State Board of Tax Commissioners' (State Board) final determination that assessed its property as of the March 1, 1995 assessment date. McDonald's presents the following issue for this Court's review on appeal, which the Court restates as whether the State Board must value McDonald's land pursuant to the Commercial/Industrial Platted section of the Kosciusko County Land Valuation Order, which specifically lists the subdivision where McDonald's land is located as being valued on a front foot basis.[1]

For the reasons stated below, the Court REVERSES this case and REMANDS it to the State Board.

## FACTS AND PROCEDURAL HISTORY

McDonald's owns a 2.02 acre platted lot located in Warsaw, Indiana. It is more specifically identified as Out Lot B of the

---

1. At trial, McDonald's also argued that the twenty foot Northern Indiana Public Service Company (NIPSCO) easement on the frontage of its land should be valued at zero because it is a public service easement which makes it property that cannot be used by McDonald's. (Trial Tr. at 17.) At McDonald's State Board hearing and on its 131 Petition it requested that a ten percent influence factor be applied to account for the easement. (Resp't Ex. 9 at 3.) According to Milo Smith, McDonald's Taxpayer Representative, the easement was given a thirty percent influence factor, which was affirmed by the State Board. (Trial Tr. at 16–17.) It appears from the property record card that the easement was priced as commercial/industrial secondary land. (Resp't Ex. 9 at 36.) The State Board's final determination simply stated that "[t]he assessor has taken [the] NIPSCO easement into consideration when classifying the land." (Resp't Ex. 9 at 35.) McDonald's did not address this issue in its briefs and does not provide legal authority to support its assertion that the easement should be valued at zero. This Court will not make McDonald's case for it. *See CGC Enters. v. State Bd. of Tax Comm'rs,* 714 N.E.2d 801, 803 (Ind. Tax Ct.1999). Consequently, the Court AFFIRMS the State Board's valuation of the easement.

Horne Subdivision in Wayne Township, Kosciusko County. The Wayne Township assessor assessed the land for the tax year 1995 on an acreage basis pursuant to the Commercial/Industrial Acreage section of the Kosciusko County Land Valuation Order (Land Order).

McDonald's appealed the assessment to the Kosciusko County Board of Review (BOR) via a 130 Petition for Review of Assessment asserting among other things that its land should have been assessed on a front foot basis pursuant to the Commercial/Industrial Platted section of the Land Order rather than on the acreage basis. The BOR affirmed the assessment of McDonald's land.

McDonald's appealed to the State Board via a 131 Petition for Review of Assessment (131 Petition) asserting among other things that its property should be assessed on the front foot basis. The State Board held a hearing on McDonald's 131 Petition. On December 7, 1988, the State Board issued its final determination concluding that the land was properly assessed by the BOR.

On January 15, 1999, McDonald's filed an original tax appeal in this Court. A trial was held on July 29, 1999. Additional facts will be provided as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■■■ The State Board is charged with the responsibility of interpreting the property tax laws and ensuring that property assessments are made in the manner prescribed by law. *Canal Square Ltd. Partnership v. State Bd. of Tax Comm'rs*, 694 N.E.2d 801, 804 (Ind. Tax Ct.1998); *See also* IND.CODE ANN. § 6–1.1–35–1 (West

2000). The Court gives the final determinations of the State Board great deference when the State Board acts within the scope of its authority. *Freudenberg–NOK General Partnership v. State Bd. of Tax Comm'rs*, 715 N.E.2d 1026, 1028–29 (Ind. Tax Ct.1999). The taxpayer bears the burden of demonstrating that the State Board's final determination is improper. *Indianapolis Historic Partners v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1224, 1226 (Ind. Tax Ct.1998). Accordingly, a final determination will be reversed where it is unsupported by substantial evidence, constitutes an abuse of discretion, exceeds the State Board's statutory authority, or is arbitrary or capricious. *Freudenberg–NOK General Partnership*, 715 N.E.2d at 1029.

## Discussion

The issue here is whether the State Board was required to value McDonald's property pursuant to the Commercial/Industrial Platted section of the Land Order (on a front foot basis). McDonald's argues that its land should be assessed pursuant to the Commercial/Industrial Platted section of the Land Order (on a front foot basis) instead of by the Commercial/Industrial Acreage section of the Land Order. The State Board argues that both the acreage and platted sections of the valuation order were in effect when it assessed the land and therefore it could elect to assess the land on an acreage basis or a front foot basis. The State Board asserts that it chose to use the acreage basis to assess the land because the properties in the Horne Subdivision were "irregular and odd-shaped" in comparison to the standard sized lot upon which the Land Order provided for the use of the front foot method.[2]

**2.** The average size of a lot in the Horne Subdivision is 300 feet wide and 200 feet deep.

(Resp't Ex. 8 at 4.) According to McDonald's calculations, its lot's width (effective frontage)

(Resp't Br. at 2.) In addition, the State Board contends that it used the acreage basis because there was a dispute over which side of the property should be considered the front side. The State Board computed the acreage value of the property by converting the high front foot value assigned .to the property to an acreage amount for primary and secondary land.

McDonald's asserts that the State Board was required to follow the Platted section of the Land Order. In support of its contention, McDonald's quotes IND.CODE ANN. § 6–1.1–4–13.6(c) which provides that "[t]ownship assessors shall use the values determined under this section." This statute does not tell the Court which section of the Land Order must be used. It only tells the Court that the land must be valued under the Land Order. The State Board argues that the land could be properly valued under the either the acreage or front foot method because both sections are classified as "commercial/industrial," which is the critical classification. (Resp't Br. at 6.)

It appears that both sections of the land valuation order were in effect at the time of the assessment.[3] (Trial Tr. at 50–51.) Section Five of the Land Order provides for the valuation of commercial/industrial property on the basis of acreage. (Resp't Ex. 7). In that Section there is a listing for "Warsaw: NW ¼ S14 T32N R6E," which the State Board apparently contends describes the subject property.[4] (Resp't Ex. 7); (Trial Tr. at 50.) Section

Four of the Land Order provides for the valuation of commercial/industrial platted land and lists the "Warsaw: Hornes Sub." as being priced on a front footage basis. (Pet'r Ex. 1.) Both parties agree that the land in question is located in Horne Subdivision and is platted.

▆▆▆ Land Orders, like administrative rules, are subject to the same rules of construction as are statutes. *Indianapolis Historic Partners,* 694 N.E.2d at 1227. In construing a statute, the Court's foremost goal is to determine and effect legislative intent. *Id.* Furthermore, Indiana law is clear that a court may construe and interpret a statute only if it is ambiguous. *Id.* A statute that is clear and unambiguous must be read to "mean what it plainly expresses, and its plain and obvious meaning may not be enlarged or restricted." *Id.* (quoting *Department of State Revenue v. Horizon Bancorp,* 644 N.E.2d 870, 872 (Ind.1994)). The "words and phrases" of such a statute "shall be taken in their plain, ordinary, and usual sense." *Id.* (quoting *State Bd. of Tax Comm'rs v. Jewell Grain Co.,* 556 N.E.2d 920, 921 (Ind. 1990)); IND.CODE ANN. § 1–1–4–1(1) (West 2000). The plain language of the Land Order for Commercial/Industrial Platted land requires that McDonald's land be assessed on a front foot basis. This valuation is required because McDonald's land is platted and the subdivision where McDonald's land is located is specifically provided for in the Commercial/Industrial Platted land section of the Land Order.[5]

---

is 170 feet and its depth (effective depth) is 512 feet. (Pet'r Ex. 2 at 7–8.)

**3.** The Commercial/Industrial Acreage section of the Land Order states that it was amended on March 25, 1994, while the Commercial/Industrial Platted section does not have any date on it. (Resp't Ex. 7.) (Pet'r Ex. 1.)

**4.** The line containing this language is highlighted on Resp't Exhibit 7.

**5.** The Horne Subdivision (6.515 acres, more or less) is located in the NW ¼ Section 14, Township 32 N., Range 6 E (160 acres, more or less). Thus, NW ¼ Section 14, Township 32 N., Range 6 E encompasses an area that includes more land than just the Horne Subdivision.

*See Indianapolis Historic Partners,* 694 N.E.2d at 1227 (holding that apartment land must be valued under apartment land values and not under commercial values in a land valuation order, where land valuation order specifically provided an apartment land category). Otherwise the Commercial/Industrial Platted section of the Land Order would be rendered meaningless. *See id.*

## CONCLUSION

Therefore, the Court REVERSES the State Board's valuation of McDonald's land on the basis of acreage and REMANDS this issue to the State Board for re-determination on the basis of front footage pursuant to the Commercial/Industrial Platted section of the Land Order. On remand, the burden will be on McDonald's to prove which side of the land constitutes the front footage in accordance with the State Board's regulations.